# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 84

*April Term, A.D. 2020*

*June 24, 2020*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

TODD H. HAMBRICK, WSB #6-2672,

Respondent.

D-20-0004

## ORDER OF PUBLIC CENSURE

[¶ 1]   **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein June 2, 2020, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (Stipulated Discipline). The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Todd H. Hambrick should be publicly censured for his conduct. It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that Todd H. Hambrick is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Public Censure. The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Public Censure; and it is further;

[¶ 4]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Hambrick shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. Hambrick shall pay the total amount of $800.00 to the Wyoming State Bar on or before August 31, 2020.  If Mr. Hambrick fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 5]   **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7]   **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Todd H. Hambrick.

[¶ 8]   **DATED** this 24th day of June, 2020.

**BY THE COURT:**

/s/

**MICHAEL K. DAVIS**
**Chief Justice**

BEFORE THE SUPREME COURT

STATE OF WYOMING

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JUN 0 2 2020

PATRICIA BENNETT, CLERK

BY DEPUTY

In the matter of )
TODD H. HAMBRICK, )
WSB #6-2672, )        WSB No. 2020-024
)
Respondent. )        **D-20-0004**

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via telephone conference call on the 29th day of May, 2020, for consideration of the parties' Stipulation for Public Censure pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Debra Wendtland, Katherine Strike and Alisha Rone. Mark W. Gifford, Bar Counsel, appeared on behalf of the Wyoming State Bar. Donald Fuller appeared, as Counsel, on behalf of Respondent. The Review Panel having reviewed the Stipulation, the supporting Affidavit and being fully advised in the premises, finds, concludes and recommends as follows:

### Findings of Fact

1.     Respondent is an active member in good standing of the Wyoming State Bar, admitted to practice in 1993. Since his admission, Respondent has engaged in the practice of law in Casper, Wyoming.

2.     On the evening of June 22, 2019, Respondent was arrested in Grand Teton National Park and cited with driving under the influence of alcohol (DUI). The arresting officer measured Respondent's breath alcohol content (BAC) at .193, more than twice the legal limit of

.08. After pleading guilty to the charge, Respondent was sentenced on August 21, 2019, to one year of unsupervised probation with the following conditions:

- Shall not commit another federal, state, tribal, or local crime

- Shall not use or possess alcohol or enter any establishment whose primary source of income derives from the sale of alcohol

- Shall continue treatment with an addiction therapist, and shall not terminate treatment unless discharged by the therapist for successful completion of treatment. Beginning October 1, 2019, and at the beginning of each month thereafter, the defendant shall provide the court with monthly treatment progress reports.

Respondent was ordered to pay a fine of $1,500.00 and court costs of $40.00.

3. On the late afternoon of September 16, 2019, Respondent was arrested after law enforcement responded to a 911 report of a drunk driver. The 911 caller reported spotting Respondent's car driving the wrong way on East Second Street, a busy Casper street, forcing oncoming traffic to swerve out of its way. When police arrived, Respondent had already stopped on the side of the road. Law enforcement measured Respondent's BAC at .18, more than twice the legal limit. Respondent was arrested and charged with DUI.

4. In response to press coverage of Respondent's arrest in Casper, Bar Counsel contacted Respondent's designated surrogate attorney and suggested that Respondent voluntarily submit to an evaluation by Wyoming Professional Assistance Program (WPAP). Respondent complied with Bar Counsel's suggestion and entered into a Monitoring Agreement with WPAP in October 2019. The Monitoring Agreement required Respondent to provide random breath samples several times each day via Soberlink.

2

5. Following Respondent's DUI arrest in Casper, the United States Attorney filed a motion to revoke Respondent's probation. However, the motion was put on hold pending Respondent's sentencing in the Casper arrest.

6. In early December, WPAP reported to Bar Counsel that Respondent's compliance with the monitoring program had been spotty, with several missed tests and two late-evening positive tests (a .021 BAC at 10:46 p.m. on Friday, November 1, 2019, and a .047 BAC at 9:34 p.m. on Monday, November 4, 2019). Also in December 2019, Respondent's addiction therapist recommended that Respondent wear an ankle monitor to monitor his sobriety continuously. Respondent complied with his therapist's recommendation and in January 2020 transitioned from chemical testing with WPAP to using an ankle monitor.

7. On February 21, 2020, Respondent was sentenced on his Casper DUI. He was sentenced to six months in jail with all but 15 days suspended and assessed $505.00 in court costs and payment to the victim's compensation fund.

8. Following Respondent's sentencing for the Casper DUI, the United States Attorney withdrew the motion to revoke Respondent's probation for the Grand Teton National Park DUI.

9. On April 23, 2020, Respondent resumed random breath testing via Soberlink through WPAP. He is also subject to random urine testing 12 times per year for the duration of his Monitoring Agreement, which will not expire until April 1, 2023. All expenses associated with the Monitoring Agreement are paid by Respondent. Respondent has acknowledged that failure to abide by the Monitoring Agreement will be regarded as conduct that reflects adversely on Respondent's fitness as a lawyer and may result in further disciplinary proceedings.

3

10. The Review Panel accepts Respondent's conditional admission that his conduct in connection with the two DUI arrests constitutes a violation of Rule 8.4(b) (criminal conduct that reflects adversely on a lawyer's fitness as a lawyer). The Review Panel agrees that such conduct seriously adversely reflects on Respondent's fitness to practice.

11. The Review Panel finds that in Respondent's case the presumptive discipline, absent the application of aggravating and mitigating circumstances, is a suspension. However, consideration of the aggravating and mitigating circumstances present in this case weigh in favor of a public censure.

12. In Respondent's case, aggravating factors include: (1) a pattern of misconduct; (2) multiple offenses; and (3) illegal conduct. However, these aggravating factors must be weighed against the following mitigating factors:

   a. Absence of a prior disciplinary record;
   b. Timely good faith effort to rectify consequences of misconduct (i.e., voluntarily entering into a Monitoring Agreement as Bar Counsel suggested);
   c. Full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings;
   d. Recovery from alcohol dependency as demonstrated by a meaningful and sustained period of successful rehabilitation; and
   e. Imposition of other penalties and sanctions.

13. Respondent concedes that, in consideration of the foregoing factors, a public censure is the appropriate sanction for the conduct to which Respondent has conditionally admitted. The Review Panel agrees and notes that Respondent's misconduct in this matter is similar in material respects to that for which a public censure was issued in *Bd. of Prof. Resp. v. Haderlie*, 353 P.3d 260 (Wyo. 2015).

14. If the Court issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent have agreed upon the following press release:

4

The Wyoming Supreme Court today issued a public censure to Casper lawyer Todd H. Hambrick. In 2019, Hambrick had two separate DUI arrests, one in Grand Teton National Park and the other in Casper. On both occasions, Hambrick had a breath alcohol content of more than twice the legal limit.

Following the Grand Teton National Park arrest, Hambrick undertook voluntary treatment with an addiction therapist. Hambrick later pleaded guilty and was sentenced to one year of unsupervised probation on the condition that he not use or possess alcohol or enter any establishment whose primary source of income derives from the sale of alcohol. Hambrick was ordered to continue treatment with his addiction therapist.

Less than one month after his sentencing, Hambrick had another DUI arrest in Casper, after which he voluntarily entered into a two-year monitoring agreement with Wyoming Professional Assistance Program to monitor his sobriety at his sole expense. He also continued in treatment with his addiction therapist. For the Casper DUI, Hambrick was sentenced to 15 days in jail and assessed $505.00 in court costs and payment to the victim's compensation fund.

In approving Hambrick's stipulated motion for a public censure, a Review Panel of the Board of Professional Responsibility considered the nature of Hambrick's misconduct, which violated his duty to maintain personal integrity, and also considered applicable aggravating and mitigating factors. Aggravating factors included the presence of two DUIs to which he pleaded guilty. Mitigating factors included the absence of a prior disciplinary record; timely good faith effort to rectify consequences of misconduct; full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings; recovery from alcohol dependency as demonstrated by a meaningful and sustained period of successful rehabilitation; and imposition of other penalties and sanctions.

The Review Panel submitted a report and recommendation for a public censure of Hambrick to the Wyoming Supreme Court. In accepting the Board's recommendation and issuing an Order of Public Censure, the Court ordered Mr. Hambrick to pay an administrative fee of $750 and costs of $50 to the Wyoming State Bar.

## Conclusions of Law

15. Rule 15(b)(3)(D), W.R.Disc.P., provides that in imposing a sanction for professional conduct, the Board of Professional Responsibility shall apply the ABA Standards for Imposing Lawyer Sanctions (the "ABA Standards"). Pertinent to the present matter, it is necessary to apply the ABA Standards relevant to the duties violated by Respondent as well as aggravating and mitigating factors.

16. Misconduct of the sort engaged in by Respondent, which essentially involves violation of duties owed to the public, is addressed in Section 5.1, "Failure to Maintain Personal Integrity."

> Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit or misrepresentation:
>
> 5.11 Disbarment is generally appropriate when:
>
> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
>
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
>
> 5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously reflects on the lawyer's fitness to practice.
>
> 5.13 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit or misrepresentation that adversely reflects on the lawyer's fitness to practice law.
>
> 5.14 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.

6

17.     ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1     *Generally*
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2     *Aggravation*

9.21    *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22    *Factors which may be considered in aggravation.* Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.

9.3     *Mitigation.*

9.31    *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32    *Factors which may be considered in mitigation.* Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:

7

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

    9.4    *Factors Which Are Neither Aggravating nor Mitigating.*
The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing findings of fact and conclusions of law, the Review Panel recommends as follows:

1.    That Respondent receive a public censure for violations of Rule 8.4(b), W.R.Prof.Cond.

2.    That, upon issuance of the order of public censure, the foregoing press release may be issued.

3.    That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this __1st__ day of June, 2020.

Debra J. Wendtland, Review Panel Chair
Board of Professional Responsibility
Wyoming State Bar

8